Slip Op. 18-22

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| IRVING PAPER LIMITED,<br><br>        Plaintiff,<br><br>and<br><br>GOVERNMENT OF THE PROVINCE OF NEW BRUNSWICK and GOVERNMENT OF CANADA,<br><br>        Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>VERSO CORPORATION,<br><br>        Defendant-Intervenor. | Before: Claire R. Kelly, Judge<br><br>Court No. 17-00128 |

## MEMORANDUM AND ORDER

Before the court is the partial consent motion for leave to file a brief as amicus curiae, filed by the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("the COALITION").[1] Partial Consent Mot. Leave to File a

---

[1] The COALITION is an "ad hoc association" of lumber companies whose members are: U.S. Lumber Coalition, Inc.; Collum's Lumber Products, L.L.C.; Hankins, Inc.; Potlatch Corporation; Rex Lumber Company; Seneca Sawmill Company; Sierra Pacific Industries; Stimson Lumber Company; Swanson Group; Weyerhaeuser Company; Carpenters Industrial Council; Giustina Land and Timber Company; and Sullivan Forestry Consultants, Inc. Amicus Mot. at 1 n.1.

Brief as Amicus Curiae, Jan. 30, 2018, ECF No. 56 ("Amicus Mot."). Defendant United States and Defendant-Intervenor Verso Corporation consent to the motion. See id. at 2. Plaintiff Irving Paper Limited and Plaintiff-Intervenors the Government of Canada ("GOC") and the Government of the Province of New Brunswick do not consent to the motion. See id.; Pl.-Intervenor's Opp'n to the [COALITION's] Mot. Leave to File Br. Amicus Curiae, Feb. 20, 2018, ECF No. 60 ("GOC's Opp'n Br."); [Pl.'s] Letter, Feb. 20, 2018, ECF No. 61 ("Pl.'s Opp'n Letter") (agreeing with and endorsing the GOC's opposition brief). For the reasons that follow, the motion is granted and the COALITION may participate in this action as amicus curiae.

The COALITION seeks to participate in the action as amicus to respond to the court's letter asking the parties to provide the specific authority according to which Commerce promulgated 19 C.F.R. § 351.214(k) (2015),[2] establishing expedited reviews in countervailing duty ("CVD") proceedings. Amicus Mot. at 1–9; see Court's Letter, Dec. 28, 2017, ECF No. 46. The COALITION explains that its interest in the action "relates to the question of whether an expedited review of a non-individually investigated producer in a CVD proceeding is a determination provided for by 19 U.S.C. § 1675, governing the 'administrative review of determinations.'" Amicus Mot. at 6 (quoting 19 U.S.C. § 1675 (2012)[3]). The COALITION has presented "analysis and argument" of this issue to Commerce in a different CVD proceeding and contends that the same argument and

---

[2] Further citation to the Code of Federal Regulations is to the 2015 edition, the edition in force at the time the Department of Commerce initiated the expedited review at issue in this case. The language of 19 C.F.R. § 351.214(k) has remained the same since the regulation originally appeared, in the 1998 edition of the Code of Federal Regulations. See 19 C.F.R. § 351.214(k) (1998).

[3] Further citations to Title 19 of the U.S. Code are to the 2012 edition.

analysis has "a direct bearing on the statutory jurisdictional issues raised by Defendant's motion to dismiss" in the present case, rendering its participation as amicus for this purpose useful to the court. Id. at 4. The COALITION conditionally submitted its proposed amicus brief simultaneously with its motion to appear as amicus curiae, as is permitted by USCIT Rule 76. See Amicus Curiae's Comments in Resp. to the Court's Dec. 28, 2017, Letter, Jan. 30, 2018, ECF No. 56-2; see USCIT R. 76. The COALITION's proposed amicus brief puts forward a legal analysis which it argues "demonstrat[es] that an expedited review of a non-individually investigated producer from the underlying investigation cannot be deemed a determination provided for by 19 U.S.C. § 1675." Amicus Mot. at 8. The COALITION contends that its "summary and analysis is likely to be broader and more comprehensive than the substance of the responses" provided by the parties to this action, such that its participation as amicus would provide "a more fulsome discussion of the jurisdictional issues presented[.]" Id.

Plaintiff-Intervenor the GOC and Plaintiff Irving Paper Limited oppose the COALITION's motion. See GOC's Opp'n Br.; Pl.'s Opp'n Letter (agreeing with and endorsing the GOC's opposition brief). The GOC contends that the court should not permit the COALITION to serve as amicus curiae in this action because the COALITION's position is not neutral and because its comments are not likely to assist the court in its review of the issues presented. Id. at 2–4. Specifically, the GOC contends that the COALITION's request to join as amicus in this action constitutes "an attempt to pre-litigate" its own challenge to Commerce's authority to conduct expedited reviews in the Softwood Lumber Products from Canada proceedings now before Commerce, proceedings in which the Plaintiff and Plaintiff-Intervenors here are also involved. Id. at

2.  The GOC argues that, because the COALITION is opposed, in the Softwood Lumber Products from Canada proceedings, to the position taken by Plaintiff and Plaintiff-Intervenors, the COALITION is seeking to enter this case "as an adversary to the Plaintiff and Plaintiff-Intervenors" rather than as a "friend of the court," as is the role of an amicus curiae.  Id.  The GOC also contends that the COALITION's submission is unlikely to meaningfully assist the court in its consideration of the issues raised in this case.  Id. at 3–4.  The GOC requests in the alternative that, should the court grant the COALITION's motion, the court allow the parties to respond to the arguments made by the COALITION in its proposed amicus brief.  Id. at 4.

> Rule 76 of the United States Court of International Trade provides that
>
> [t]he filing of a brief by an amicus curiae may be allowed on motion made as prescribed by Rule 7, or at the request of the court. . . .  The motion for leave must identify the interest of the applicant and state the reasons why an amicus curiae is desirable. An amicus curiae must file its brief within the time allowed the party whose position the amicus curiae brief will support unless the court for cause shown grants leave for later filing. In that event the court will specify within what period an opposing party may answer. . . .

USCIT R. 76.

The role of an amicus curiae is to serve as a friend of the court by providing arguments or information helpful to the court in its consideration of the issues presented.[4]  Clark v. Sandusky, 205 F.2d 915, 917 (7th Cir. 1953) (explaining that an amicus curiae is "a friend of the court whose sole function is to advise, or make suggestions to, the court."). A motion to submit a brief as amicus curiae in an action may be granted at the discretion of the court.  Changzhou Hawd Flooring Co. v. United States, 38 CIT __, __, 6 F. Supp.

---

[4] In Latin, "amicus" means "friend" and "curiae" means "of the court."  See Black's Law Dictionary 102 (10th ed. 2014).

3d 1353, 1356 (2014) (citing In re Opprecht, 868 F.2d 1264, 1266 (Fed. Cir. 1989)); see N. Sec. Co. v. United States, 191 U.S. 555, 555–56 (1903) ("[D]oubtless it is within our discretion to allow [the grant of a motion for amicus curiae status] in any case when justified by the circumstances."). Although "strict prerequisites" do not exist to qualify a movant for amicus status, courts generally consider whether the submission of an amicus brief would assist the court in its review of the issues presented. In re Roxford Foods Litig., 790 F. Supp. 987, 997 (E.D. Ca. 1991) (quoting United States v. Louisiana, 751 F. Supp. 608, 620 (E.D. La. 1990)). Courts have considered several factors when determining whether it is appropriate to grant a motion for amicus status, including: (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and (5) the usefulness of information and argument presented by the potential amicus curiae to the court. See Ass'n Am. Sch. Paper Suppliers v. United States, 34 CIT 207, 209, 683 F. Supp. 2d 1326, 1328 (2010) (citing Advanced Sys. Tech, Inc. v. United States, 69 Fed. Cl. 355, 357 (2006); Am. Satellite Co. v. United States, 22 Cl. Ct. 547, 549 (1991)).

Upon examination of these factors, the COALITION's motion to appear as amicus curiae in this action is granted because the COALITION's proposed brief will assist the court in its review of the case by presenting a view on a central issue not otherwise represented. Regarding whether the proposed amicus is a disinterested entity, the COALITION states that it has an interest in a different "case that may be affected by a

decision in the present case."[5]  Amicus Mot. at 4.  There is no requirement that an amicus be a disinterested party.  See Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n., 801 F.2d 1120, 1124–25 (9th Cir. 1986) ("[T]ak[ing] a legal position and present[ing] legal arguments in support of it [is] a perfectly permissible role for an amicus").  On the contrary, emphasizing that USCIT Rule 76 requires the movant to "identify [its] interest" in the case, this court has noted that "it is not easy to envisage an amicus who is 'disinterested' but still has an 'interest' in the case."  Changzhou Trina Solar Energy Co. v. United States, 40 CIT __, __, 161 F. Supp. 3d 1343, 1347 (quoting Neonatology Assocs., P.A. v. C.I.R., 293 F.3d 128, 131 (3d Cir. 2002)); see USCIT R. 76 (requiring a movant seeking to file an amicus curiae brief to "identify the interest of the applicant").  Further, although the role of amicus curiae was historically to serve as an impartial friend of the court, rather than an adversarial party in interest, some courts "have recognized a very limited adversary support of given issues through brief and/or oral argument."  United States v. State of Mich., 940 F.2d 143, 164–65 (6th Cir. 1991) (emphasis omitted) (citing Funbus Sys., Inc., 801 F.2d at 1124–25, and Krislov, The Amicus Curiae Brief: from Friendship to Advocacy, 72 Yale L. J. 694 (1963)).  The COALITION is not seeking to serve as a real party in interest to these proceedings, but rather seeks to brief the court on a different viewpoint on a central issue to the case.  In doing so, the COALITION's interest in the case is not inconsistent with, and indeed is envisioned by, amicus status.  See USCIT R. 76 (requiring a movant seeking to file an amicus curiae brief to "identify the interest" that the movant has in the case).  Indeed, an amicus brief will assist the court more in

---

[5] Specifically, the COALITION explains that, "[w]hile the COALITION has no direct interest in this appeal and could not have participated as a party, the COALITION does have an interest in some other case that may be affected by a decision in the present case."  Amicus Mot. at 4.

instances "in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case[.]" Voices for Choices v. Illinois Bell Tel. Co., 339 F.3d 542, 545 (7th Cir. 2003). Such is the case here, and this factor points in favor of granting the motion for amicus status.

Regarding whether there is opposition to the entry of the amicus, as discussed above, Plaintiff and Plaintiff-Intervenor the GOC oppose the COALITION entering the case as amicus. See GOC's Opp'n Br. at 1–5; Pl.'s Opp'n Letter. Opposition by the parties is a factor weighing against allowing participation of the proposed amicus curiae. Ass'n Am. Sch. Paper Suppliers, 34 CIT at 211, 683 F. Supp. 2d at 1330 (citing Am. Satellite Co., 22 Cl. Ct. at 549). Although the court takes seriously the GOC's concern that the COALITION is seeking amicus status in order to essentially "pre-litigate" its own case that is currently at the agency level, see GOC's Opp'n Br. at 2, the COALITION will present an analysis of this issue not already represented by the parties in this action. That objective is a legitimate reason to seek amicus status and weighs in the court's consideration of granting the motion, as the analysis could potentially assist the court in its comprehensive consideration of the issue. Ultimately, the grant or denial of a motion is by the court's discretion, after considering all relevant factors. Given the factors that weigh in favor of granting the motion, the parties' opposition does not outweigh the usefulness of the COALITION's participation as amicus.

Although counsel to the parties are certainly capable of presenting their sides of the argument in support of their respective positions, the COALITION has presented an alternate analysis of the jurisdictional question that is in opposition to the positions presented by the parties. The court requested that the parties provide clarification of the

statute which authorizes Commerce to promulgate 19 C.F.R. § 351.214(k), Commerce's procedures for conducting an expedited review in a CVD proceeding. Court's Letter at 3–4, Dec. 28, 2017, ECF No. 46. The parties grounded their responses in the statutory provisions which implement the Uruguay Round Agreements, with Plaintiff and Plaintiff-Intervenors responding that Commerce's authority to promulgate a regulation for expedited CVD reviews lies in sections 101 through 103 of the Uruguay Round Agreement, 19 U.S.C. §§ 3511–3513, and Defendant responding that the authority lies in 19 U.S.C. § 3513(a), which authorizes Commerce to promulgate the necessary regulations to ensure compliance with the Uruguay Round Agreement. See Pl.'s Resp. Court's Dec. 28, 2017, Letter, Jan. 30, 2018, ECF No. 50; Pl.-Intervenor the Government of the Province of New Brunswick's Resp. Court's Dec. 28, 2017 Letter, Jan. 30, 2018, ECF No. 51 (agreeing with and endorsing Plaintiff's letter); Pl.-Intervenor GOC Letter, Jan. 30, 2018, ECF No. 52; Def.'s Resp. Court's Dec. 28, 2017 Order, Jan. 30, 2018, ECF No. 53. Plaintiff, Plaintiff-Intervenors, and Defendant have also argued that the regulation is authorized by 19 U.S.C. § 1675(a). See Pl.'s Resp. Court's Dec. 28, 2017, Letter, Jan. 30, 2018, ECF No. 50; Pl.-Intervenor Government of the Province of New Brunswick's Resp. Court's Dec. 28, 2017 Letter, Jan. 30, 2018, ECF No. 51; Pl.-Intervenor GOC Letter, Jan. 30, 2018, ECF No. 52; Def.'s Resp. Court's Dec. 28, 2017 Order at 2, Jan. 30, 2018, ECF No. 53; Def.'s Opp'n to Pl.'s Mot. to Consolidate and Mot. to Dismiss at 8, Sept. 21, 2017, ECF No. 39. The COALITION presents an alternate analysis, contending that none of the statutory provisions cited by the parties authorizes Commerce to conduct expedited reviews in CVD proceedings. See Proposed Amicus Br. at 2–17. The COALITION presents the position that it is, in fact, "unclear what legal

authority in U.S. law supports [expedited CVD] proceedings." Id. at 2.  This position is in stark contrast to the position presented by the parties.  An amicus brief will assist the court in its review of the issues when it "present[s] ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." Voices for Choices, 339 F.3d at 545.  Further, an amicus brief will assist the court more in instances in which, inter alia, "the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." Id. (citing Nat'l Org. for Women, Inc. v. Scheidler, 223 F.3d 615, 616–17 (7th Cir. 2000); Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997); Georgia v. Ashcroft, 195 F. Supp. 2d 25, 32 (D.D.C. 2002)).  Such is the case here.  This factor weighs in favor of granting the motion.

The last two factors, the strength and usefulness of the information and argument presented by the potential amicus curiae's interests, are intertwined.  The proposed amicus brief presents a thorough and reasoned analysis of an alternative viewpoint on this issue and therefore is useful.  That this argument and analysis is not currently represented by any party to the action renders the COALITION's comments useful to the court's review of this jurisdictional issue of first impression.  The COALITION is offering additional information to the court and serving the proper role of an amicus; that is, to assist the court in its review of the issues by "presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." Voices for Choices, 339 F.3d at 545.  As this court has previously stated, "[a]micus briefs are 'solely for the benefit of the [c]ourt.'" Changzhou Hawd Flooring Co., 40 CIT at __, 6 F. Supp. 3d at 1357 (quoting Stewart–Warner Corp. v. United States, 4 CIT 141, 142 (1982)).  This factor significantly impacts the court's consideration of the present motion.  See id., 40 CIT at

__, 6 F. Supp. 3d at 1357–58; Ass'n of Am. Sch. Paper Suppliers, 683 F. Supp. 2d at 1328 ("[T]he usefulness of information and argument presented by the potential amicus curiae to the court" is the most important consideration); Am. Satellite Co., 22 Cl. Ct. at 549 ("Perhaps the most important [consideration] is whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one party.").

On balance, upon consideration of the factors, the court finds that the potential usefulness of the COALITION's position to the court in its review of the issues outweighs the opposition to and concerns regarding the COALITION's appearance in the case as amicus. Accordingly, for the foregoing reasons, and upon due deliberation, it is

**ORDERED** that the COALITION's partial consent motion to appear in this action as amicus curiae is granted; and it is further

**ORDERED** that the COALITION is designated as amicus curiae in this action; and it is further

**ORDERED** that the COALITION's amicus brief, Amicus Curiae's Comments in Resp. to the Court's Dec. 28, 2017, Letter, Jan. 30, 2018, ECF No. 56-2, is accepted for filing; and it is further

**ORDERED** that the parties shall submit any comments in response to the COALITION's amicus brief on or before Wednesday, March 28, 2018.

                                                       /s/ Claire R. Kelly
                                                       Claire R. Kelly, Judge

Dated: March 14, 2018
      New York, New York